IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| MATTHEW HOGG, §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>DAVID YAGER, STEPHEN HENDRIX, §<br>VAN ZANDT COUNTY, §<br>§<br>Defendants. § | CIVIL ACTION NO. 6:23-CV-00088-JCB |

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Stephen Hendrix's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 18.) Plaintiff Matthew Hogg has filed a response (Doc. No. 28), to which Hendrix has filed a reply (Doc. No. 29). For the reasons stated herein, the court **RECOMMENDS** that Hendrix's motion to dismiss (Doc. No. 18) be **GRANTED** and Plaintiff's claim against him be dismissed with prejudice.

BACKGROUND

On February 16, 2023, Plaintiff Matthew Hogg filed this civil action pursuant to 42 U.S.C. § 1983 alleging violations of the of the Fourth and Fourteenth Amendments against Defendants David Yager, Stephen Shelton, Stephen Hendrix, and Van Zandt County. (Doc. No. 1.) Plaintiff's claims relate to Yager's alleged use of excessive force on February 28, 2021 while Plaintiff was a pretrial detainee at the Van Zandt County Jail. (Doc. No. 1, at ¶¶ 9, 15.) Plaintiff alleges that on February 28, 2021, while he was restrained in a chair in his jail cell with only one hand free to eat, he hit his food tray on his cell door. *Id.* at ¶¶ 11–12. In response, David Yager, a jailer, drew his

1

taser and Plaintiff swiped at it with his food tray. *Id.* at ¶¶ 12–13. Plaintiff asserts that this angered Yager and another jailer restrained his free arm and, after Plaintiff was fully restrained, Yager punched Plaintiff three times in the chest with his taser. *Id.* at ¶¶ 14–15.

Plaintiff further alleges that in an unrelated arrest on September 21, 2021, the chief deputy used excessive force on a handcuffed individual. *Id.* at ¶ 27. Concerning Stephen Hendrix, the Van Zandt County Sheriff at the time, Plaintiff asserts that Hendrix informed another deputy to bring only his vest and belt to effectuate the September 2021 arrest, which prevented any body camera footage of the incident. *Id.* at ¶ 28. Plaintiff alleges that Hendrix attempted to cover up the September 2021 use of force incident by preventing other officers from reporting it. *Id.* at ¶ 36. Plaintiff asserts that, as the policymaker for Van Zandt County, Hendrix fostered an environment of excessive force that led Yager to believe his use of force would be tolerated. *Id.* at ¶¶ 45–47, 51. Plaintiff brings a Section 1983 claim against Hendrix in his individual capacity. *Id.* at ¶ 49.

On April 18, 2023, Hendrix filed a motion to dismiss on the grounds of qualified immunity. (Doc. No. 18.)

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) for failure to state a claim "are viewed with disfavor and are rarely granted." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 (5th Cir. 2005); *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). The court utilizes a "two-pronged approach" in considering a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). First, the court identifies and excludes legal conclusions that "are not entitled to the assumption of truth." *Id.* Second, the court considers the remaining "well-pleaded factual allegations." *Id.* The court must accept as true all facts alleged in a plaintiff's complaint, and the court views the facts in the light most favorable to the plaintiff. *In re Katrina Canal Breaches*

*Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). A plaintiff's complaint survives a defendant's Rule 12(b)(6) motion to dismiss if it includes facts sufficient "to raise a right to relief above the speculative level." *Id.* (quotations and citations omitted).

In other words, the court must consider whether a plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "'[D]etailed factual allegations'" are not required. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nevertheless, a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). This determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

Hendrix argues that he is entitled to qualified immunity on Plaintiff's individual capacity claim because Plaintiff fails to allege that Hendrix violated a constitutional right. (Doc. No. 18, at 7.) Hendrix contends that Plaintiff fails to allege that he was personally involved in the February 2021 incident or that he implemented an unconstitutional policy that caused the incident. *Id.* Plaintiff argues that he alleged sufficient facts showing that Hendrix fostered an environment where excessive force was tolerated, which led Yager to believe his use of force was permissible. (Doc. No. 28, at 3, 7.)

The doctrine of "qualified immunity" protects government officials from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818

(1982). At the pleading stage, the qualified immunity inquiry focuses on whether a plaintiff has shown "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow*, 457 U.S. at 818). The court has "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

To state a Section 1983 claim against a government official in his individual capacity, a plaintiff must allege that the defendant was "personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). Without allegations of personal involvement, a supervisory official, like Hendrix, cannot be held vicariously liable for the conduct of those under his supervision; rather, he is liable only for his own acts and for implementing unconstitutional policies that result in constitutional deprivations. *See Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017). This standard requires more than conclusory assertions. A complaint's "description of a policy or custom and its relationship to the underlying constitutional violation . . . cannot be conclusory; it must contain specific facts." *Pena v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quoting *Spiller v. City of Tex. City, Police Dep't,* 130 F.3d 162, 167 (5th Cir. 1997); *see also Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (noting a plaintiff must plead specific conduct and facts giving rise to a constitutional violation for claims against government officials in their individual capacities).

Here, Plaintiff does not allege that Hendrix was personally involved in the February 2021 constitutional deprivation. (Doc. No. 28, at 3.) With respect to policy implementation, Plaintiff

alleges that as the policymaker for law enforcement in Van Zandt County, Hendrix fostered an environment where excessive force was not only tolerated but facilitated. (Doc. No. 1, at ¶¶ 46, 51.) Plaintiff asserts that this environment caused Yager to believe he could use excessive force without repression. *Id.* at ¶ 47. But conclusory allegations that Hendrix fostered an environment of excessive force are insufficient to show that Hendrix was responsible for implementing an unconstitutional policy that caused the alleged February 2021 constitutional deprivation. The Fifth Circuit has explained that a plaintiff's description of a policy or custom and its relationship to an underlying constitutional violation cannot be conclusory but must contain specific facts. *Spiller*, 130 F.3d at 167. To the extent that Plaintiff relies on Hendrix's alleged involvement in the September 2021 incident to establish a policy of excessive force, those facts are insufficient to state a claim that would give rise to Hendrix's personal involvement in the alleged February 2021 constitutional deprivation. *See Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (noting that to successfully plead a Section 1983 claim, a plaintiff must articulate a specific set of facts that illustrate the defendant's participation in the alleged wrong). Plaintiff cannot solely rely on Hendrix's alleged unconstitutional actions in the September 2021 incident to show a constitutional violation here.

By failing to allege that Hendrix was personally involved in the February 2021 incident or articulate specific facts showing that he implemented an unconstitutional policy with regard to the incident or Plaintiff's claims, Plaintiff has failed to show a constitutional violation in support of his Section 1983 claim against Hendrix.

In response to Hendrix's motion to dismiss, Plaintiff argues that his allegations concerning Hendrix's knowledge and ratification of the chief deputy's excessive force in effectuating the September 2021 arrest demonstrates how Hendrix promoted the use of excessive force and that

suffices to show that he was deliberately indifferent here because Yager believed he would suffer no consequences for his actions. (Doc. No. 28, at 7.) A supervisor may be liable for constitutional violations committed by a subordinate employee if the supervisor acted with deliberate indifference to his subordinate's violations of an individual's constitutional rights. *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Wernecke v. Garcia*, 591 F.3d 386, 401 (5th Cir. 2009). Deliberate indifference requires "proof that a municipal actor disregarded a known or obvious consequence of his action." *Porter*, 659 F.3d at 447 (quoting *Connick v. Thompson*, 563 U.S. 51, 61 (2011)).

Plaintiff, however, does not allege that Hendrix acted with deliberate indifference and fails to allege facts showing that Hendrix subjectively disregarded a known consequence of his actions to show that he was deliberately indifferent to Plaintiff's constitutional rights. Moreover, Plaintiff's reliance on Hendrix's actions during the September 2021 incident is too attenuated to show that Hendrix acted with deliberate indifference here. The September 2021 incident involved different individuals, different officers, different circumstances, and occurred *after* the incident at issue in this case. As alleged, these amount to nothing more than "isolated incidents" involving excessive force. *See McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1989). Because Plaintiff fails to allege specific facts showing deliberate indifference, Plaintiff also has not alleged a constitutional violation by Hendrix in this regard.

Plaintiff has failed to show that Hendrix violated his constitutional rights. Hendrix is therefore entitled to qualified immunity on Plaintiff's Section 1983 claim. Because the court has found that Hendrix is entitled to qualified immunity based upon his lack of personal involvement, the court makes no further finding regarding clearly established law.

## RECOMMENDATION

For these reasons, the court **RECOMMENDS** that Hendrix's motion to dismiss (Doc. No. 18) be **GRANTED** as Hendrix is entitled to qualified immunity. The court therefore **RECOMMENDS** that the claim against Hendrix in his individual capacity be **DISMISSED** with prejudice for failure to state a claim.

Within fourteen days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 23rd day of June, 2023.**

*[Signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE